NICOLA T. HANNA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division
VALERIE L. MAKAREWICZ (Cal. Bar No. 229637)
Assistant United States Attorney
    Federal Building, Suite 7211
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2729
    Facsimile: (213) 894-0015
    E-mail: valerie.makarewicz@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ERLEND OLSON,<br><br>    Defendant. | No. 8:18-cv-00225<br><br>COMPLAINT TO REDUCE FEDERAL PENALTY ASSESSMENTS TO JUDGMENT |

Plaintiff United States of America, by its undersigned counsel, for its complaint against the above-named defendant, alleges as follows:

## **GENERAL ALLEGATIONS**

1. This is a civil action to reduce to judgment federal Foreign Bank and Financial Accounts (FBAR) penalty assessments against defendant ERLEND OLSON ("defendant").

2. This action is brought under 31 U.S.C. § 3711(g)(4)(C), at the direction of the Attorney General of the United States and at the request and with the authorization

of the Chief Counsel of the Internal Revenue Service ("IRS"), a delegate of the Secretary of the Treasury.

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345 because this action arises under the laws of the United States and because the United States is the plaintiff.

4. Venue for the action is within the Central District of California under 28 U.S.C. §§ 1391 because defendant resides within this judicial district.

## FAILURE TO REPORT FOREIGN BANK ACCOUNTS

5. Section 5314 of Title 31 of the United States Code authorizes the Secretary of the Treasury to require United States citizens to report certain transactions with foreign financial agencies.

6. Under the implementing regulations of § 5314, "[e]ach United States person having a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country shall report such relationship to the Commissioner of Internal Revenue for each year in which such relationship exists[.]" 31 C.F.R. § 1010.350(a).

7. The report must be filed with the IRS on a Report of Foreign Bank and Financial Accounts which is also referred to as an FBAR. The report is due by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c).

8. Under 31 U.S.C. § 5321(b)(2)(A), the Government may bring suit to recover the penalty assessed under 31 U.S.C. § 5321(a) at any time before the end of the 2-year period beginning on the date the penalty was assessed.

9. This action is brought within the two-year limitations period specified in 31 U.S.C. § 5321(b)(2)(A).

10. During the years 2010 and 2011, defendant, a U.S. citizen, had a financial interest, signatory authority and/or otherwise controlled a bank account with Bancaja Bank in Spain and three bank accounts with Hellenic Bank in Cyprus ("foreign bank accounts").

11. In 2010 and 2011, defendant's foreign bank accounts had a balance that exceeded $10,000.

12. Defendant was required by law to file a FBAR disclosing his financial interest in his foreign bank accounts for 2010 and 2011, but failed to timely disclose his financial interest in his foreign bank accounts.

13. For the years 2010 and 2011, defendant failed to report the income he deposited into his foreign bank accounts, and failed to timely report the interest or dividend income he earned from his foreign bank accounts on his federal income tax returns, Forms 1040.

## REDUCTION OF ASSESSMENTS TO JUDGMENT

14. On September 13, 2016, a delegate of the Secretary of the Treasury made federal FBAR penalty assessments against defendant for the 2010 and 2011 calendar years each in the amount of $10,000 per foreign bank account (of which defendant had 4), pursuant to 31 U.S.C. § 5314, for a total penalty amount of $80,000, plus a late payment penalty pursuant to 31 U.S.C. § 3717(e)(2) in the amount of $3,773.61. To date, defendant has made a payment of $567.

15. On September 22, 2016, notice and demand for payment of the FBAR penalties was sent to defendant.

16. Interest has accrued on the penalties as provided by law and remains unpaid. As of June 29, 2017, the unpaid balance owed to the United States for the penalty and interest is $83,835.55.

17. Despite timely notice and demand for payment of the FBAR penalty assessments for the 2010 and 2011 calendar years, defendant has neglected, failed, or refused to pay in full said assessments, and there remains due and owing from defendant, on the FBAR penalty assessments for the 2010 and 2011 calendar years, as of June 29, 2017, the sum of $83,835.55, plus accrued interest, penalties, and other statutory additions as provided by law, incurred before or after the filing of this Complaint.

WHEREFORE, plaintiff United States of America prays that the Court:

A. Enter judgment in favor of the United States of America and against defendant for an unpaid FBAR penalty liabilities pursuant to 31 U.S.C. § 5321(a)(5) for the 2010 and 2011 calendar years, in the amount of $83,835.55, plus interest, penalties (including the late payment penalty pursuant to 31 U.S.C. § 3717(e)(2) and interest on this penalty), and other statutory additions as provided by law, accruing after June 29, 2017.

B. Award plaintiff United States of America its costs and such other further relief as is just and proper.

Dated: 02/08/2018				Respectfully submitted,

						SANDRA B. BROWN
						Acting United States Attorney
						THOMAS D. COKER
						Assistant United States Attorney
						Chief, Tax Division

						/s/
						_____
						VALERIE L. MAKAREWICZ
						Assistant United States Attorney

						Attorneys for Plaintiff
						UNITED STATES OF AMERICA